

**Justin R. Marino**, Principal   d: (212) 939 – 7228   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmarino@stevensonmarino.com

June 9, 2017

VIA ECF

Honorable Arthur D. Spatt
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

    Re:    *Paez et al. v. Whaleneck Enterprises, et al.*
                16-cv-2673 (ADS) (ARL)

Dear District Judge Spatt:

    This office represents Defendants in the above-referenced action.  We write concerning the Court's June 7, 2017 order requiring the Parties submit a "proposed settlement agreement" and the requirement for an in-person conference.

    We note that the parties have not executed a settlement agreement. Rather, the *only* document evidencing the specific provisions and restrictions, if any, of the parties' "settlement" is the accepted Rule 68 Offer of Judgment ("Rule 68 Offer), which was already submitted to the Court on March 9, 2017. *See* Dkt. 15. Thus, to the extent a *Cheeks* review is required to ascertain the overreaching nature (or not) of the parties "settlement," such review of all applicable terms of the settlement can be gleaned from a review of the Rule 68 Offer.

    We further note, as described in Plaintiffs' letter motion for approval (dkt. 16, p 2), that Defendants have scarce financial means. This is precisely why a Rule 68 Offer was issued, as there would be an elimination of the many hours spent negotiating and resolving terms in a settlement agreement. Thus, Defendants do not have a settlement agreement and must not be forced to draft a settlement agreement purely in the name of the Second Circuit's decision in *Cheeks*. Such a requirement, would in fact, be inconsistent with the Second Circuit's decision in Cheeks, where the Court observed that a parties' limited financial resources should be taken into account. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.34d 199, 206 (2d Cir. 2015) ("We are mindful of the concerns articulated in Picerni, particularly the court's observation that the "vast majority of FLSA cases" before it "are simply too small, and the employer's finances too marginal . . . .").

Based on the foregoing, we respectfully request the Court review the Rule 68 Offer previously submitted (dkt. 15) in conjunction with Plaintiffs' motion for approval (dkt. 16) in order to dismiss the case with prejudice. To the extent the Court has unanswered questions, we request a telephonic court conference to address same, as that will reduce the legal fees incurred by the parties. Lastly, we request the Court eliminate any requirement for the parties to create a settlement agreement, where none presently exists.

This is the first request for the relief sought herein. Plaintiffs' counsel consents to this request. Thank you in advance for your consideration of this request.

Very truly yours,

/s/ Justin R. Marino
Justin R. Marino

cc: Plaintiff's Counsel of Record (Via ECF)