FILED
CLERK

11:34 am, Jun 14, 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JUAN PAEZ, RAMON A. JIMENEZ PERALTA,
RAFAEL LUNA, AQUILES V NUNEZ, *individually
and on behalf of those individuals similarly situated*,

      Plaintiffs,

   -against-

WHALENECK ENTERPRISES, *doing business as*
The Boathouse Restaurant, LINDSAY MAGILL,

      Defendants.
----------------------------------------------------------X

MEMORANDUM OF
DECISION & ORDER
16-cv-2673 (ADS)(ARL)

**APPEARANCES:**
**Zabell & Associates, PC**
*Attorneys for the Plaintiffs*
1 Corporate Drive
Suite 103
Bohemia, NY 11716
  By: Saul D. Zabell, Esq., Of Counsel

**Stevenson Marino LLP**
*Attorneys for the Defendants*
75 Maiden Lane
Suite 402
New York, NY 10038
  By: Justin Robert Marino, Esq., Of Counsel

**SPATT, District Judge**:

  On May 26, 2016, the Plaintiffs Juan Paez, Ramon A. Jimenez Peralta, Rafael Luna, and Aquiles V. Nunez (collectively, the "Plaintiffs"), commenced this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") against the Defendants Whaleneck Enterprises d/b/a the Boathouse Restaurant ("Whaleneck"), and Lindsay Magill ("Magill"), (collectively, the "Defendants"), for unpaid overtime, damages and attorneys' fees.

1

On March 9, 2017, the Defendants filed a notice of acceptance with offer of judgment pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 68. On May 11, 2017, the Court issued an order informing the parties that the Court would not accept the offer of judgment, stating that the parties would have to submit a written settlement agreement pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House,* 796 F.3d 199, 206 (2d Cir. 2015).

On June 9, 2017, the parties jointly moved for reconsideration, pursuant to Local Civil Rule 6.3, of the Court's May 11, 2017 Order.

Upon reconsideration, the Court finds that in this particular situation, judicial approval of the Defendants' offer of judgment pursuant to Rule 68 is unnecessary. The Second Circuit has not yet ruled on this issue, and district courts in the circuit are divided. *See Anwar v. Stephens*, No. 15-cv-4493 (JS)(GRB), 2017 WL 455416, at *1 (E.D.N.Y. Feb. 2, 2017) (collecting cases that stand for the proposition that "judicial approval is not required for Rule 68 offers of judgment," and stating that those courts form the majority); *cf. Mei Xing Yu v. Hasaki Restaurant, Inc.*, --- F.R.D. ---, No. 16-cv-6094 (JMF), 2017 WL 1424323 at *6 (collecting cases that "conclude that Rule 68 does not override the need for judicial [] [] approval of a settlement of claims under the FLSA," but admitting that those courts are in the minority).

The Court is sympathetic to the argument advanced by the Defendants--namely, that if they spent their scarce resources on negotiating a settlement, the Plaintiffs would receive less money. As the Second Circuit said in Cheeks, "We are mindful . . . that the vast majority of FLSA cases . . . are simply too small, and the employer's finances too marginal, for proceeding with litigation to make financial sense if the district court rejects the proposed settlement." 796 F.3d at 206 (internal citations and quotation marks omitted). While the *Cheeks* court went on to

2

say that those concerns must be balanced against the FLSA's purpose of preventing abuses by employers and remedying the disparate bargaining power present in these cases, *id.* at 207, the Court does not believe that those abuses warned of by the Second Circuit are present here.

Furthermore, Rule 68 explicitly states that after either party files a notice of acceptance of an offer of judgment, the Clerk of the Court "must then enter judgment." This Court will not ignore such plainly mandatory language; holding otherwise "would constitute a judicial rewriting of Rule 68." *Arzeno v. Big B World, Inc.*, 317 F.R.D. 440, 441 (S.D.N.Y. 2016)

Accordingly, this Court joins the "majority of district courts in this Circuit [that] have held that judicial approval is not required for Rule 68 offers of judgment." *Anwar*, 2017 WL 455416 at *1.

The Clerk of the Court is respectfully directed to enter judgment in favor of the Plaintiffs consistent with the notice of acceptance [ECF No. 15], and to close the case.

It is **SO ORDERED:**

Dated: Central Islip, New York

June 14, 2017                             /s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge